UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

|  |  |
|---|---|
| TARA AND JAMES GARDINER, | ) Civil Action No. _____ |
| Plaintiffs, | ) |
| v. | ) |
| THE BOZUTTO GROUP, INC. and BOZUTTO MANAGEMENT COMPANY, | ) |
| Defendants. | ) |

COMPLAINT

Plaintiffs Tara and James Gardiner sue The Bozzuto Group, Inc. and the Bozzuto Management Company (together "defendants") and state as follows:

1. Subject matter jurisdiction of this action is proper pursuant to 28 U.S.C. §1332. Plaintiffs and defendants are citizens of different states and the amount in controversy exceeds $75,000. *See* paragraph 28 below.

2. Plaintiffs reside at The Residences on the Avenue, which is located at 2221 I Street, NW in the District of Columbia. Plaintiffs are citizens of the District of Columbia.

3. Defendant The Bozzuto Group, Inc. is a real estate company which is headquartered in Greenbelt, Maryland and is a citizen of Maryland. The address is

1

6406 Ivy Lane, Suite 700, Greenbelt, MD 20770. Their phone number is 866-698-7513

4. Defendant Bozzuto Management Company is a property management company and subsidiary of The Bozzuto Group. Bozzuto Management Company is headquartered in Greenbelt, Maryland and is a citizen of Maryland. The address is 6406 Ivy Lane, Suite 700, Greenbelt, MD 20770. Their phone number is 301-220-0100.

5. Bozzuto Management Company manages multiple properties in the United States, including The Residences on the Avenue, which is located at 2221 I Street, NW, Washington, D.C. 20037. Laura Shapanka is the General Manager of the property.

6. In October 2014, Tara and James Gardiner (the "Gardiners") entered into a lease agreement with defendants to rent unit 1112 in The Residences on the Avenue. The lease agreement included rental of a storage locker in the building. Defendants provided the Gardiners a key for the lock on the storage locker, and the Gardiners thereafter stored personal property in their storage locker. The items stored included, but were not limited to, numerous items related to Mrs. Gardiner's adoption from Korea as an infant, her wedding tiara from her first marriage, five family photo albums which contained more than 600 photographs, including photographs of Mrs. Gardiner's and her daughter's childhoods, and a

botanical assay of Pennsylvania plants inherited by Mr. Gardiner from his aunt. A partial list of the items that were stored in the storage locker is attached as exhibit 1.

7. In May 2016, the Gardiners moved to unit 823 in the same building and in June 2017 they again moved to unit 712, also in the same building. From October 2014 to the present, the Gardiners have lived continuously in the same building: The Residences on the Avenue.

8. On September 9, 2018, the Gardiners discovered that all of their personal belongings in their storage locker were missing. Shortly thereafter, the Gardiners notified the concierge at the front desk of the building that all of their personal belongings in their storage locker were missing. They also notified the District of Columbia police, which sent an officer to the building to investigate.

9. The Gardiners then met with Ms. Shapanka, General Manager of the building, to discuss the loss of their personal property. Ms. Shapanka stated that the contents of their storage locker may have been either donated or discarded by defendants, but conceded she did not have a history of the storage locker readily available.

10. The Gardiners are and since first moving into the building in October 2014 have been in possession of the key to their storage locker and they have never

shared the key with anyone. To the best of their knowledge, other than defendants, no one has ever possessed a key to their storage locker.

11. Before they discovered their personal property missing in September 2018, no one from defendants notified the Gardiners that their personal belongings in their storage locker were about to be or had been donated or discarded.

12. Since their personal property was discovered missing in September 2018, defendants have never provided the Gardiners any documentation showing what happened to their personal property.

13. On September 10, 2018, the Gardiners discussed the storage locker issue with Ms. Shapanka. She apologized on behalf of defendants for the missing items and offered compensation. To date, defendants have not compensated the Gardiners for any of their lost personal property.

14. After their September 10 discussion, Ms. Shapanka sent Mr. Gardiner an email stating that she "hope[d] to improve our procedures and efficiencies to avoid similar errors moving forward."

15. On September 17, 2018, the Gardiners met with Juliana Thomas, the defendants' Regional Portfolio Manager, to discuss the storage locker issue. Ms. Thomas stated that defendants have no idea what happened to the missing personal items and that there is no way to reconstruct what happened.

## FIRST CLAIM
## <u>BREACH OF CONTRACT</u>

16.	Plaintiffs hereby incorporate paragraphs 1-15 above.

17.	Plaintiffs were the sole owners of all the personal possessions in their storage locker at The Residences at the Avenue.

18.	Defendants, without notifying plaintiffs or providing an opportunity to retrieve their personal property, discarded all the personal property in their storage locker.

19.	By discarding their personal property, defendants deprived plaintiffs of use and possession of their personal property.

20.	Defendants caused damages to plaintiffs by discarding their personal property.

21.	Most, if not all, of the discarded personal property is irreplaceable.

## SECOND CLAIM
## <u>NEGLIGENCE</u>

21.	Plaintiffs hereby incorporates paragraphs 1-15 above.

22.	Defendants owed plaintiffs a duty of reasonable care to ensure that the personal property in their storage locker was safe and secure.

23.	Defendants breached their duty of reasonable care by failing to notify plaintiffs that defendants were about to discard plaintiffs' personal property in their storage locker.

24. Defendants' failure to notify plaintiffs that their personal property was about to be discarded caused injury to plaintiffs.

25. Plaintiffs suffered actual damages as a direct result of the defendants' failure to exercise reasonable care with regard to the personal property stored in the plaintiffs' storage locker.

## RELIEF SOUGHT

26. Plaintiffs seek full damages for the loss they suffered as a result of defendants discarding the personal property in plaintiffs' storage locker without providing plaintiffs any notice that their personal possessions were about to be discarded.

27. In particular, the plaintiffs are entitled to monetary damages for the personal property in their storage locker that was discarded by defendants.

28. Based primarily on the decision in *Edmonds v. United States*, 563 F. Supp. 2d 196 (D.D.C. 2008), plaintiffs estimate that damages for their discarded family photographs alone exceed $1.0 million.

29. In addition, plaintiffs seek compensatory and punitive damages to the full extent of the law.

30. Plaintiffs seek all attorney's fees and costs incurred in bringing and prosecuting this action.

31. Plaintiffs request a jury trial on all issues.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, likely will have evidentiary support after a reasonable opportunity for more investigation discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: April 2, 2019                By  s/ *Joel M. Cohn*
                                                                            JOEL M. COHN
                                                                            Bar no. 933713
                                                                            6306 33rd Street, NW
                                                                            Washington, DC 20015
                                                                            202-213-6712
                                                                            jcohn49@icloud.com