UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| TARA AND JAMES GARDINER, | ) |
| Plaintiffs | ) |
| v. | ) Civil Action No. 1:19-cv-00920-CJN |
| BOZUTTO MANAGEMENT COMPANY, | ) |
| Defendant. | ) |

## ANSWER TO AMENDED COMPLAINT

COMES NOW Defendant, Bozzuto Management Company, by counsel, and in and for its Answer to the Amended Complaint filed herein, states as follows:

### FIRST DEFENSE

The Plaintiffs failed to state a cause of action upon which relief can be granted against the Defendants. Plaintiffs have failed to set forth a claim for attorney's fees or punitive damages. The Plaintiffs have failed to set forth a claim within the jurisdictional limits of the court.

### SECOND DEFENSE

1. The allegations contained in Paragraph 1 are denied to the extent that the Plaintiffs allege an amount in controversy exceeding $75,000.00.

2. The allegations contained in Paragraph 2 are admitted.

3. In response to the allegations contained in Paragraph 3, it is admitted that Bozzuto Management Company is a Maryland based property management company at the address noted. All remaining allegations are denied.

4. The allegations contained in Paragraph 4 are admitted.

5. In response to the allegations contained in Paragraph 5, it is admitted that in October of 2014, the Plaintiffs entered into a lease agreement with Bozzuto Management Company to rent Unit 1112 in The Residences on the Avenue, and further, entered into a separate agreement to rent a storage locker in the building associated with Unit 1112, for which they were provided a key. It is denied that the lease agreement relative to Unit 1112 was in effect at the time of the alleged occurrences, and it is further denied that there was any agreement with regard to a storage locker in effect at the time of the alleged occurrences. All remaining allegations in Paragraph 6 are denied.

6. The allegations contained in Paragraph 6 are admitted, with the qualification that upon moving out of Unit 1112, the Gardiners did not enter into a new agreement for a storage unit associated with either of the subsequent units.

7. In response to the allegations contained in Paragraph 7, it is admitted that in or about September of 2018, the Gardiners reported items missing from their storage locker. Defendant has insufficient information or knowledge to know whether the remaining allegations, as stated, are true and correct, and therefore they can neither be admitted nor denied.

8. In response to the allegations Contained in Paragraph 8, it is admitted that the Gardiners met with the General Manager to discuss their claim of lost personal property. The remaining allegations are denied as pled.

9. In response to the allegations contained in Paragraph 9, it is admitted that the Gardiners were given a key when they entered into an agreement for the storage locker associated

with Unit 1112. As to the remaining allegations, this Defendant has insufficient information to know whether the allegations are true, and therefore, the allegations can neither be admitted nor denied.

10. In response to the allegations contained in Paragraph 10, it is admitted that as of the filing of this Answer, there is no known documentation of notice.

11. The allegations contained in Paragraph 11 are admitted.

12. In response to the allegations contained in Paragraph 12, the allegations are denied as pled. It is admitted that the Defendant offered to attempt to resolve the Plaintiffs' complaint about alleged stored items. It is denied that the Defendant is liable to Plaitiffs

13. In response to the allegations contained in Paragraph 13, the email referenced is not attached, and therefore, at this time, the allegations can neither be admitted nor denied.

14. In response to the allegations contained in Paragraph 14, it is admitted that a meeting occurred with the Plaintiffs with regard to their complaints. No further admissions are made.

### THIRD DEFENSE

15. In response to the allegations incorporated into Paragraph 15, this Defendant incorporates, as if fully set forth, its responses to Paragraphs 1-14.

16. In response to the allegations contained in Paragraph 16, this Defendant has insufficient information or knowledge to know whether the allegations contained therein are true, and therefore, the allegations can neither be admitted nor denied.

17. The allegations contained in Paragraphs 17, 18, 19 and 20 are denied.

## FOURTH DEFENSE

18. In response to the allegations incorporated into Paragraph 21, this Defendant incorporates, as if fully set forth, its responses to Paragraphs 1-15.

19. The allegations contained in Paragraph 22, 23, 24 and 25 are denied.

## FIFTH DEFENSE

20. The allegation contained in Paragraph 26 is a legal conclusion not requiring a response. To the extent further response is required, it is denied that the statute is applicable to the facts at issue.

21. The allegations contained in Paragraphs 27 and 28 are denied.

## SIXTH DEFENSE

22. To the extent a response is required, this Defendant denies the Plaintiffs are entitled to relief sought set forth in Paragraphs 29, 30, 31, 32 and 33.

23. In response to the allegations contained in Paragraph 34, it is acknowledged that Plaintiffs seek a jury.

## SEVENTH DEFENSE

24. This Defendant denies that it committed any act or made any omission constituting negligence or breach of contract in this case, and demands strict proof thereof.

## EIGHTH DEFENSE

25. This Defendant will rely upon the defenses of contributory negligence, failure to mitigate damages, abandonment, waiver, absence of duty, absence of contract, unclean hands, and all other defenses which become known during the course of discovery or at trial.

## NINTH DEFENSE

26.     The Defendant denies that the Plaintiffs were damaged in the manner or to the extent alleged and demands strict proof of all elements of liability and damages.

## TENTH DEFENSE

27.     The Defendant denies that it is liable to the Plaintiffs in any amount or under any theory of law and demands strict proof thereof.

## ELEVENTH DEFENSE

28.     The Defendant denies all remaining allegations set forth in the Amended Complaint not specifically addressed above.

## TWELVTH DEFENSE

29.     The Defendant reserves the right to rely on the defenses of accord, satisfaction, lack of standing and release as to all property claims covered by Plaintiffs' insurer.

## THIRTEENTH DEFENSE

30.     The Defendant denies that the property involved is covered by D.C. Code §41-117 of the Code of The District of Columbia; that it is an entity covered by D.C. Code §41-401 et. seq., and further denies that a private cause of action against the Defendant is created by this D.C. Code §41-401, et. seq.

## FOURTEENTH DEFENSE

31.     The Defendant reserves the right to rely on the statute of limitations.

WHEREFORE, having fully answered, the Defendant, Bozzuto Management Company, moves to be dismissed from this action with its costs expended.

## JURY DEMAND

Defendant, Bozzuto Management Company, demands a trial by jury on all issues herein.

                                                  Respectfully submitted,
                                                  Bozzuto Management Company,
                                                  By counsel,

BANCROFT, McGAVIN,
HORVATH & JUDKINS, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
Telephone:  (703) 385-1000
Facsimile:   (703) 385-1555


/s/ Dawn E. Boyce
Dawn E. Boyce, Esquire
D.C. Bar Number 440010
dboyce@bmhjlaw.com
*Counsel for Defendant, Bozzuto Management Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of June, 2019, a copy of the foregoing Answer to the Amended Complaint was filed with the court via electronic filing upon:

    Joel M. Cohn, Esquire
    6306 33rd Street, NW
    Washington, D.C. 20015

                                                          /s/ Dawn E. Boyce
                                                          Dawn E. Boyce