UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| TARA AND JAMES GARDINER, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:19-cv-00920-CJN |
| | ) | |
| BOZUTTO MANAGEMENT | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT AND IN SUPPORT OF DEFENDANT'S COUNTER
MOTION FOR PARTIAL SUMMARY JUDGMENT

I.      INTRODUCTION

        This court should deny Plaintiffs' Motion for Partial Summary Judgment on Count III of

their Amended Complaint, because Title 41 of the Code of the District of Columbia does not

apply to the property alleged to have been discarded by the Defendant, and Plaintiffs are not the

persons for whom the statute was enacted. The Defendant agrees for the purposes of Count III;

there are no material facts in dispute[1].  However, the undisputed material facts support a finding

of partial summary judgment in favor of the Defendant, not the Plaintiffs. Defendant is entitled

to partial summary judgment in its favor on Plaintiffs' negligence *per se* claim because the

property alleged to have been discarded are not negotiable instruments, and therefore Title 41 of

the Code of the District of Columbia does not apply to the actions of the Defendant.

II.     STANDARD OF REVIEW

---

[1] There is some dispute as to what happened to the property, but for the purposes of this motion and the counter motion, any such dispute is not material.  There is no dispute as to the type of property Plaintiffs allege were lost or that Defendant did not give any notice to the Plaintiffs with regard to the property claimed to have been lost from the storage locker.

Summary judgment is appropriate where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). "For a fact to be material, it must be a fact that the substantive law identifies as possibly affecting the outcome of the suit." *325-343 E. 56th St. Corp*, 906 F. Supp. at 673 (citing *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986). "When the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *325-343 E. 56th St. Corp. v. Mobil Oil Corp.*, 906 F. Supp. 669, 673 (D.D.C. 1996)(citing *Crain v. Board of Police Comm'rs of Metro. Police Dep't*, 920 F.2d 1402, 1405-06 (8th Cir. 1990)). "Such issues include matters turning on statutory interpretation." *Id*. ("[H]olding that no genuine issue of material fact existed as to statute's purpose because appropriate determination focuses on statute's language and legislative history." (citing *Edwards v. Aguillard*, 482 U.S. 578, 594-597 (1987))).

III.   LAW AND ARGUMENT

A.   D.C. Code Title 41 Governs Abandoned Negotiable Instruments

Title 41 of the Code of the District of Columbia, previously codified under Title 42 as the Uniform Unclaimed Property Act of 1981, established statutory requirements for the reporting and delivery to the District of Columbia of abandoned negotiable instruments and other forms of monetary instruments. *See* D.C. Code § 41-101. The District of Columbia Court of Appeals discussed the legislative purpose of Title 41, previously codified under Title 42, in *Riggs National Bank v. District of Columbia*. 581 A.2d 1229, 1233 (D.C. 1990). Reviewing the legislative history of the statute, the Court noted that:

> Before the enactment of the UPA, depositary institutions in the District of Columbia
> enjoyed the use of, and often appropriated as their own, many millions of dollars in

unclaimed deposits, stale official checks and other unclaimed property under a process which the trial judge in this case aptly described as a 'private escheat.' In 1981, concluding that this state of affairs provided a 'windfall' for these institutions…the Council of the District of Columbia enacted legislation designed to put an end to the unearned and fortuitous enrichment of the holders of abandoned property and to provide instead for the interests of the citizens of the District and ensure that any such escheat would be for public benefit rather than for private gain.

*Id*. The legislative purpose and applicability of the statute is also clear from the statutory language.

Notably, missing from Plaintiffs' discussion of Title 41 is the definition of the word property.

Under Title 41, "property" is defined as

a fixed and certain interest or right in an intangible property that is held, issued, or owed in the course of the holder's business, or by a government or governmental entity, and all income or increments therefrom, including that which is referred to as or evidenced by any of the following:

(A)     Money, check, draft, deposit, interest, dividend, or income;

(B)     Credit balance, customer overpayment, gift certificate, security deposit, refund, credit memorandum, unpaid wage, unused airline ticket, unused ticket, mineral proceed, or unidentified remittance and electronic fund transfer;

(C)     Stock or other evidence of ownership or an interest in a business association….

D.C. Code § 41-102.

Nowhere, is property defined as the items which Plaintiffs allege were discarded and which are the subject of this suit. *See* Ex. C.  Furthermore, § 41-117, governs the reporting requirements for "property presumed abandoned." Plaintiffs neglected to discuss D.C. Code § 41-103, which defines what types of property will be presumed abandoned. "Property presumed abandoned" is:

(A) All intangible personal property not otherwise covered by this chapter, including any income or increment thereon and deducting any lawful charges, that is held or owing in the ordinary course of the holder's business and has remained unclaimed by the owner for more than 3 years after it became payable or distributable is presumed abandoned.

3

(B) Property presumed abandoned shall include, but is not limited to: Drafts, credit balances, credit checks, uncashed vendor checks, and any other outstanding checks.

(C) Property subject to this chapter shall be deemed payable or distributable notwithstanding the owner's failure to present any instrument or document evidencing the owner's right to receive the payment provided therein.

(D) A record of the issuance of a check, draft, or similar instrument is prima facie evidence of an obligation. In claiming property from a holder who is also the issuer, the administrator's burden of proof as to the existence and amount of the property and its abandonment is satisfied by showing issuance of the instrument and passage of the requisite period of abandonment. Defenses of payment, satisfaction, discharge, and want of consideration are affirmative defenses that must be established by the holder.

D.C. Code § 41-103. Plaintiffs' reading of the statute, and their arguments based upon that reading ignore the canons of statutory construction. The reporting requirements in § 41-117, must be read in conjunction with § 41-102 and § 41-103, which prescribes what types of property governed by the statute. When reading § 41-102 and § 41-103 together, it is clear that the government of the District of Columbia intended this statute to govern negotiable instruments, not all types of personal property.

B. <u>Plaintiffs Are Not Entitled to Partial Summary Judgment on Their Claim for Negligence *Per Se* Because Title 41 is not Intended to Protect Them Against the Type of Injury Alleged</u>

Plaintiffs cannot establish a claim for negligence *per se* under Title 41 because it was not enacted to protect individuals in the Plaintiffs' position, nor was it enacted to prevent the type of accident the Plaintiffs allege occurred. *See 325-343 E. 56th St. Corp*, 906 F. Supp. at 686 (quoting *Ceco Corp. v. Coleman*, 411 A.2d 940, 945 (D.C. 1982) ("where a particular statutory or regulatory standard is enacted to protect persons in the plaintiff's position or to prevent the type of accident that occurred, and the plaintiff can establish his relationship to the statute, unexplained violation of that standard renders the defendant negligent as a matter of law.")).

Title 41 was enacted to provide the District of Columbia with authority to "act as the custodian for substantial sums of abandoned personal property within its jurisdiction." D.C. Code § 41-101. The policy purpose behind the legislation was to prevent banks and other financial institutions from profiting from abandoned negotiable instruments and other forms of currency. *See Riggs National Bank*, 581 A.2d at 1233. A secondary purpose was to reroute those windfalls from financial institutions to the District of Columbia and the general public. *See id*.

§ 41-117, the reporting requirements section, which Plaintiffs seek to rely upon for their contention that the Defendant is negligent *per se*, requires that the holder of property report to the Mayor the type and amount of funds or property which it is holding. *See* D.C. Code. 41-117. Violations of the reporting requirement are punishable by civil fines to the General Fund of the District of Columbia. *See* D.C. Code 41-136. § 41-117 and § 41-136, the reporting and enforcement sections of the statute respectively, clearly establish the policy purpose behind the stature, which is to prevent financial institutions from financial windfalls to the detriment of the government of the District of Columbia and the general public.

Plaintiffs allege that the storage locker contained "numerous items related to Mrs. Gardiner's adoption from Korea as an infant, her wedding tiara from her first marriage, five family photo albums containing 600 photographs, including photographs of Mrs. Gardiner's and her daughter's childhoods, and a botanical assay of plants inherited by Mr. Gardiner from his aunt." *See* Pl. Statement of Material Facts Not in Dispute; *see also* Defendant's Statement of Material Facts Not in Dispute. Nowhere in Plaintiffs' Statement of Material Facts Not in Dispute, or contained within the list of items appended to Plaintiffs' Amended Complaint, do the Plaintiffs claim that the storage locker contained negotiable instruments.

   C.   <u>Defendant Moves for Partial Summary Judgment on Count III of Plaintiffs' Amended Complaint</u>

Defendant incorporates its arguments regarding Title 41 and negligence *per se* detailed above. Defendant is entitled to partial summary judgment on Count III of Plaintiffs' Amended Complaint, because Title 41 does not protect individuals in the Plaintiffs' position nor was it enacted to prevent the type of injury the Plaintiffs alleged occurred, and Plaintiffs have failed to establish their relationship to the statute. None of the property contained in the storage locker, as listed in Exhibit C, is the type of property which is contemplated by the § 41-102 and § 41-103. *See* Ex. C. It is clear from the legislative history detailed in *Riggs National Bank* and the plain meaning of the statutory language that Title 41 applies to negotiable instruments, and not the personal property Plaintiffs allege was lost by the Defendant.

D.  <u>CONCLUSION</u>

WHEREFORE the Defendant, Bozzuto Management Company, requests that this Court deny the Plaintiffs' Motion for Partial Summary Judgment, and in the alternative, grant the Defendant's Motion for Partial Summary Judgment for the reasons stated above.

Respectfully submitted,
Bozzuto Management Company,
By counsel,

BANCROFT, McGAVIN,
HORVATH & JUDKINS, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
Telephone:    (703) 385-1000
Facsimile:     (703) 385-1555

/s/ Dawn E. Boyce
Dawn E. Boyce, Esquire
D.C. Bar Number 440010
dboyce@bmhjlaw.com
*Counsel for Defendant, Bozzuto Management Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of January, 2020, a copy of the foregoing Memorandum in Opposition to the Plaintiffs' Motion for Summary Judgment and in support of Defendant's Counter Motion for Summary Judgment was filed with the court via electronic filing upon:

> Joel M. Cohn, Esquire
> 6306 33rd Street, NW
> Washington, D.C. 20015

> /s/ Dawn E. Boyce
> Dawn E. Boyce